UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORLANDO JOSE MENDOZA
BOBBYS,

                             Case No. 2:26-cv-311-KCD-NPM

        Petitioner,

    v.

WARDEN, GLADES COUNTY
DETENTION CENTER, U.S.
ATTORNEY GENERAL,

        Respondents.

                              /

## ORDER

Petitioner Orlando Jose Mendoza Bobbys has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and his continued detention without a hearing contravenes the Fifth Amendment. (*Id.* ¶¶ 19, 24.) Respondents oppose the petition. (Doc. 8.) For the reasons below, the petition is **DENIED**.

### I. **Background**

Bobbys illegally entered the United States on September 20, 2022. (Doc. 8-1 at 3.) Important for reasons discussed below, he was apprehended

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

at the border and released. (*Id.*) Bobbys was recently re-detained after a traffic stop. (*Id.*) After processing, he landed at Glades County Detention Center in the Middle District of Florida. (Doc. 1 ¶ 44)

## II. Discussion

Bobbys's habeas petition raises two substantive claims through several different vehicles. First, his detention violates the INA because he is ineligible for a bond hearing. (Doc. 1 at 4.)[2] Second, his detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (*Id.* at 3.) These issues are addressed in turn.

### A. INA

Sections 1225 and 1226 of the INA govern the detention of noncitizens before a final order of removal. The former provision covers "inadmissible arriving aliens" who are "present in the United States [but have] not been admitted." 8 U.S.C. § 1225(a)(1). So-called "'applicants for admission' in the language of the statute." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Pertinent here, § 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Id.* The only exception is release "on parole for urgent humanitarian reasons or significant public benefit." *Id.* at 288.

---

[2] The habeas petition is not paginated, so the Court cites the page numbers generated by its electronic filing system.

On the other hand, § 1226 has historically "authorize[d] the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings[.]" *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) sets out a discretionary detention framework for aliens arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that decision in a bond hearing before an immigration judge. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

According to Bobbys, he is entitled to a bond hearing under § 1226. (Doc. 1 at 4.) But this argument runs headlong into the facts. Bobbys was apprehended at the border. That puts him squarely under § 1225. *See, e.g.*, *Lopez v. Hardin*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *4 (M.D. Fla. Oct. 29, 2025) ("[Section] 1225 applies to noncitizens arriving at a border or port and are presently seeking admission into the United States."). The fact that Bobbys spent time in the United States after being released—and was eventually apprehended in the country—does not change his classification. *See Jennings*, 583 U.S. at 288 ("[W]hen the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the

3

custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" (quoting 8 U.S.C. § 1182(d)(5)(A))); *Moore v. Nielsen*, No. 4:18-cv-01722-LSC-HNJ, 2019 WL 2152582, at *3 (N.D. Ala. May 3, 2019) ("[A]lthough aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country."); *Garcia-Mir v. Smith*, 766 F.2d 1478, 1484 (11th Cir. 1985).

Section 1225 says nothing "whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. So Bobbys's continued detention without a bond hearing cannot be in violation of the INA.

## B. Due Process

Even if Bobbys's detention without a bond hearing is authorized by the INA, he argues it violates the Due Process Clause. The Court cannot agree. First, it's not entirely clear that such a claim is available for aliens held under § 1225. *See, e.g.*, *D. A. F. v. Warden, Stewart Det. Ctr.*, No. 4:20-CV-79-CDL-MSH, 2020 WL 9460467, at *8 (M.D. Ga. May 8, 2020) ("Some courts have concluded that for arriving aliens due process is whatever procedure has been authorized by Congress."). But even assuming Bobbys enjoys due process protections here, they would be transgressed only by "prolonged

4

detention" without a bond hearing. *Moore*, 2019 WL 2152582, at \*9. Bobbys has been in custody for just over three months. That is short of the constitutional threshold in this context. *See Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016) ("[T]here is little chance that a[n] . . . alien's detention is unreasonable until at least the six-month mark."); *see also Kameron v. Dep't of Homeland Sec.*, No. 7:19-CV-16-WLS-MSH, 2020 WL 9460465, at \*3 (M.D. Ga. Mar. 27, 2020) (finding "no basis to conclude that Petitioner's now eighteen-month detention is unreasonable").

Bobbys has not been in custody for a prolonged period, nor shown that his detention will be indefinite. So his claims under the Due Process Clause also fail. *See, e.g.*, *Tomlinson v. Swartz*, No. 24-24844-CV, 2025 WL 1568213, at \*4 (S.D. Fla. Jan. 31, 2025).[3]

### III. Conclusion

Based on the record provided, Bobbys' detention does not violate the INA or the Constitution.[4] He is thus not entitled to habeas relief, and the

---

[3] Although not entirely clear, Bobbys also seems to claim that the Government has no authority to detain him without a judicial warrant. And absent that document here, his detention violates the Constitution. (Doc. 1 at 3.) That argument is simply wrong. *See, e.g.*, *Ardon v. Mina*, No. 6:26-CV-313-JSS-LHP, 2026 WL 530199, at \*3 (M.D. Fla. Feb. 26, 2026).

[4] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). *Bautista* has no application here because Bobbys falls outside the proposed class since he was "apprehended upon arrival." *Id.* at \*9.

petition (Doc. 1) is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on March 4, 2026.

Kyle C. Dudek
United States District Judge