UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORLANDO JOSE MENDOZA
BOBBYS,

        Plaintiff,                        Case No. 2:26-cv-00311-KCD-NPM

    v.

WARDEN, GLADES COUNTY
DETENTION CENTER,  U.S.
ATTORNEY GENERAL,

        Defendants,

## ORDER

Petitioner Orlando Jose Mendoza Bobbys seeks reconsideration of the Court's order denying his petition for a writ of habeas corpus. (Doc. 10.)[1] To briefly recap, the initial order denied the petition because Petitioner was apprehended at the border, placing him squarely under 8 U.S.C. § 1225(b). (Doc. 9.) That statute mandates detention. The Court also held that his detention of just over three months was not "prolonged" for Due Process purposes. (*Id.* at 4.)

Motions for reconsideration are not designed to give litigants a second bite at the apple. Nor are they an opportunity to re-litigate old matters or present arguments that could have been raised earlier. *See Michael Linet,*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

*Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). They are reserved for extraordinary circumstances: a change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *DKG Commc'ns, LLC v. RLM Underground, LLC*, No. 2:23-CV-1195-KCD, 2025 WL 1615438, at *1 (M.D. Fla. June 6, 2025).

Petitioner first claims there are clear errors of law. (Doc. 10 at 1-2.) Yet he offers no binding authority to show that the Court's analysis was wrong. Nor does the motion offer any argument beyond what was already presented. A motion for reconsideration is not a vehicle for a do-over just because a party dislikes the outcome. While the motion offers a headcount of how other district judges have ruled, those decisions do not bind this Court. (*Id.* at 2.) Pointing out that other courts have done things differently might make for a compelling appellate brief, but it does not establish a manifest error of law sufficient to justify reconsideration here.

Petitioner also accuses the Court of erroneous factual findings. But the motion offers no facts that actually change the analysis. The Court was well aware that the petitioner was released into the country and later authorized to work. As already explained, however, those subsequent events do not alter his underlying characterization as an arriving alien who was initially apprehended at the border. Because that legal status holds firm, 8 U.S.C. § 1225 continues to dictate the terms of his detention. *See Moore v. Nielsen*, No.

4:18-cv-01722-LSC-HNJ, 2019 WL 2152582, at *3 (N.D. Ala. May 3, 2019) ("[A]lthough aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country.").

At bottom, Petitioner has not presented any compelling argument for the Court to change its analysis. A motion for reconsideration is not a second bite at the apple, nor is it a forum to air disagreements with a prior ruling. If Petitioner believes the statutory interpretation is incorrect and the outcome is wrong, the appropriate remedy is to file an appeal, not a request to litigate the exact same issues a second time. For these reasons, the Motion for Reconsideration (Doc. 10) is **DENIED**.

**ORDERED** in Fort Myers, Florida on March 9, 2026.

Kyle C. Dudek
United States District Judge

3